IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY WAYNE ATKINS,<br>              PLAINTIFF,[1] | § § § | |
| V. | § § | CASE NO. 3: 25-CV-1784-B-BK |
| HOA MINH NGUYEN,  AN DUY<br>LENGUYEN,  THE NAIL ROOM LLC,<br>AND PHAN NGUYEN,<br>              DEFENDANTS. | § § § § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition when appropriate.  The Court granted Plaintiff's motion for leave to proceed *in forma pauperis* but did not issue process pending preliminary screening.  Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff Jeremy Wayne Atkins, proceeding without legal counsel, filed an Amended Complaint (the operative complaint) asserting claims for fraud, civil conspiracy, abuse of process, unjust enrichment, deprivation of property rights, and mail and wire fraud against his former spouse and related parties.  Doc. 10 at 1-3.  Atkins alleges that, pursuant to a divorce decree, he was awarded a fifty-percent interest in marital property located in Royse City, Texas.

---

[1] Plaintiff previously asserted claims on behalf of the United States under the False Claims Act but later withdrew them.  Doc. 9.  Plaintiff now proceeds solely in his individual capacity.

He contends that Defendants filed a false lien against the property, deprived him of his equitable interest, interfered with his parental rights, and benefitted financially from the property.

Atkins seeks compensatory and punitive damages, declaratory relief recognizing his interest in the property, and injunctive relief preventing transfer or encumbrance of the property. Doc. 10 at 3.

## II.  APPLICABLE LAW

Federal courts are courts of limited jurisdiction and possess only the power authorized by the United Sates Constitution and federal laws and statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists.  Federal jurisdiction may arise through either: (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court must also liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held

to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Atkins has not alleged facts that establish federal question or diversity jurisdiction.

## III. ANALYSIS

### A. Federal Question Jurisdiction Not Established

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). Whether such jurisdiction exists depends on whether the complaint presents a viable federal cause of action. A plaintiff cannot create federal jurisdiction simply by invoking federal statutory labels or constitutional terminology. Here, none of Atkins' asserted claims present a cognizable federal question.

Counts I through III and V, alleging fraud, abuse of process, civil conspiracy, and unjust enrichment, are state law claims. Atkins alleges that (1) Defendants filed a fraudulent lien claiming sole ownership of marital property in which Atkins had a fifty-percent interest under a divorce decree, and (2) Defendant Phan Nguyen, acting as legal counsel, repeatedly filed protective orders based on false allegations to obstruct Atkins' access to his child and property. Doc. 10 at 2. Common-law fraud of the kind alleged here—misrepresentation of property ownership in lien filings—is a creature of state law and presents no federal question. *Bauman v. Centex Corp.*, 611 F.2d 1115, 1118 (5th Cir. 1980) (recognizing that fraud claims rooted in state common law do not arise under federal law but may justify pendent jurisdiction where federal

jurisdiction already exists).  Abuse of process is likewise a state law tort, *see Hunt v. Baldwin*, 68 S.W.3d 117, 129 (Tex. App.--Hous. [14th Dist.] 2001), and Atkins' contention that Defendants misused judicial process to isolate him from his child and deprive him of his property interest raises no question of federal law.  Further, Atkins' unjust enrichment claim—premised on the theory that Defendants financially benefited through proceeds derived from the fraudulent lien—is a quasi-contract claim arising entirely under state law and likewise provides no basis for federal jurisdiction.  *See Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 452 n.2 (5th Cir. 2001).

Atkins' civil conspiracy claim fares no better.  Civil conspiracy is a derivative claim that rises or falls with its underlying tort, and the conspiracy alleged here—that Defendants coordinated the fraudulent lien filing and litigation abuse to deprive Atkins of his property and parental rights—rests entirely on state-law predicates.  *Matter of 3 Star Properties, L.L.C.*, 6 F.4th 595, 609 (5th Cir. 2021) (quoting *Agar Corp. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 141-42 (Tex. 2019) ("[C]ivil conspiracy is not an independent tort but rather a "'derivative'" one that "depends on some underlying tort or other illegal act.")).

Further, to the extent Atkins intends to invoke the protections of 42 U.S.C. § 1985, proscribing a conspiracy to interfere with civil rights, the complaint contains no allegations of class-based discriminatory animus or facts showing that Defendants conspired to deprive Atkins of equal protection of the laws, as § 1985(3) requires.  *See Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001).  And while Count IV alleges that Defendants violated Atkins' "constitutional right to property" by recording false liens, excluding him from the Royse City property, and financially benefiting from his dispossession, a colorable claim

under 42 U.S.C. § 1983 requires action by a defendant under color of law. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Atkins alleges misconduct solely by private individuals and a private attorney, none of whom is alleged to be a state actor. The fact that Defendants may have used court filings or legal process in furtherance of their alleged scheme does not, without more, transform private conduct into state action. *See Tompkins v. Cyr*, 878 F. Supp. 911, 915 (N.D. Tex. 1995).

Finally, Count VI, alleging mail and wire fraud under 18 U.S.C. §§ 1341-1343, based on Defendants' use of electronic communications and court filings to support the fraudulent lien, also fails to establish federal jurisdiction. Doc. 10 at 3. 18 U.S.C. §§ 1341-1343 are criminal statutes that do not create a private right of action. *See Napper v. Anderson, Henley, Shields, Bradford & Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974); *see also Ziglar v. Abbasi*, 582 U.S. 120, 121 (2017) (reasoning that if a statute does not display an intent to create a private remedy, courts may not create one, regardless of policy considerations). And while Atkins suggests civil liability under the Racketeer Influenced and Corrupt Organizations Act (RICO), he does not assert a claim under 18 U.S.C. § 1962 or plead the required elements of a civil RICO action, including the existence of an enterprise, a pattern of racketeering activity, and injury to business or property caused by racketeering conduct. *See* 18 U.S.C. § 1964(c); *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (affirming dismissal of civil RICO claim for failure to plead requisite elements). A passing reference to RICO in the prayer for relief is insufficient to invoke federal jurisdiction.

### B.  Diversity Jurisdiction Not Established

Atkins' assertions in the operative complaint that he and Defendants are all either residents of or doing business in Texas defeats subject-matter jurisdiction based on diversity of citizenship.  Doc. 10 at 1-2; *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (finding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).

### C.  Supplemental Jurisdiction Inapplicable

Atkins also attempts to invoke supplemental jurisdiction under 28 U.S.C. § 1367.  That statute, however, is not an independent source of subject-matter jurisdiction.  Section 1367 permits a federal court to exercise jurisdiction over related state-law claims only when the court already possesses original jurisdiction over at least one claim in the action.  *See* 28 U.S.C. § 1367(a); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010) ("Section 1367 grants "supplemental jurisdiction" over state claims, not original jurisdiction.").

Although courts may retain supplemental jurisdiction after federal claims are dismissed, *see Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008), such retention presupposes that supplemental jurisdiction properly attached at the outset.  Here, because none of Atkins' claims presents a viable federal question, this Court lacks original jurisdiction over any claim in the complaint.  Accordingly, § 1367 provides no independent basis for this Court to exercise subject-matter jurisdiction over Atkins' state-law claims, and dismissal is warranted.

## IV. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pleaded his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  As demonstrated above, the facts as alleged in

Atkins' complaint demonstrate a lack of subject matter jurisdiction in this Court that is not curable by amendment. Thus, the Court concludes that Atkins has already pleaded his best case and granting leave to amend would be futile and cause needless delay.[2]

## V. RECOMMENDATION

Atkins' complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on March 19, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

---

[2] Nevertheless, the 14-day objection period attendant to this report and recommendation will allow Atkins the opportunity to proffer facts or claims, if any, establishing subject matter jurisdiction in this Court.